IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE ORDER REQUIRING<br><br>SABRE<br><br>TO ASSIST IN THE EXECUTION OF AN ARREST WARRANT ISSUED BY THIS COURT | Misc. No. 15-880<br><br>APPLICATION<br><br>Filed Under Seal |

**FILED**

DEC 1 0 2015

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

REDACTED BY ORDER OF 12-2-2022 AT 21-MC-52

### APPLICATION OF THE UNITED STATES FOR AN ORDER AUTHORIZING TRAVEL RECORD PRODUCTION AND CONTEMPORANEOUS ACCOUNT ACCESS

The United States of America moves this Court, pursuant to the All Writs Act, Title 28, United States Code, Section 1651, for entry of an *ex parte* Order directing the Authorized Custodians of Records of Sabre or its designee, to assist in the execution of a federal arrest warrant by providing to the United States Attorney and his designees and representatives from the Federal Bureau of Investigation ("FBI") all records, services, and usage for a period of two (2) years, for any accounts associated with the following information:



Name: [redacted]
Alias(es): [redacted]
Address: [redacted]
Phone number: [redacted]
Credit card number: [redacted]
Passport number: [redacted]

(the "Traveler").

It is further requested that Sabre be ordered to provide the United States Attorney and his designees and/or representatives of the FBI complete and contemporaneous "real time" account

activity information of the Traveler on a weekly, ongoing basis by telephone contact, email, and/or facsimile transmission, for a period of two (2) years from the date of this Order. Sabre shall not intercept, nor shall Sabre provide, the content of any wire or electronic communications.

In addition, the government requests that this Order and Application be sealed and that Sabre and its agents and employees, shall not disclose the existence of the *ex parte* Application or this Order to any person except representatives of the United States Attorney and his designees and the FBI, unless and until further ordered by this Court, except that Sabre may disclose the existence of this Application and/or Order to its attorney for the purpose of receiving legal advice.

## INTRODUCTION

The United States of America, by and through David J. Hickton United States Attorney, and Shardul S. Desai, Assistant United States Attorney, hereby moves this Court under the All Writs Act, 28 U.S.C. § 1651, for an order requiring Sabre to assist in the execution of a federal arrest warrant by periodically reviewing its records for evidence that the subject of the arrest warrant is traveling.

## FACTS



On ▮▮▮▮▮ a federal grand jury in the Western District of Pennsylvania returned a ▮▮▮▮▮ against ▮▮▮▮▮ charging him with violating ▮▮▮▮▮. The Indictment alleges that ▮▮▮▮▮ is a ▮▮▮▮▮

2



A federal arrest warrant was issued for ▮▮▮▮▮ however, is a ▮▮▮▮▮ and is known to ▮▮▮▮▮ At present, ▮▮▮▮▮ The FBI received information ▮▮▮▮▮

Sabre is a Travel Commerce Platform providing distribution, technology, payment, and other solutions for the global travel and tourism industry. Sabre processes roughly one third of all air travel reservations. Sabre is capable of searching for and retrieving travel records for individuals whose travel reservations are processed using or through Sabre's computers. This Application seeks an order requiring Sabre to use any such capability, to assist agents in complying with the arrest warrant.

## DISCUSSION

The All Writs Act provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). As the Supreme Court explained, "[t]he All Writs Act is a residual source of authority to issue writs that are not

otherwise covered by statute." *Penn. Bureau of Corr. v. United States Marshals Serv.*, 474 U.S. 34, 43 (1985). "The power conferred by the Act extends, under appropriate circumstances, to persons who, though not parties to the original action or engaged in wrongdoing, are in a position to frustrate the implementation of a court order or the proper administration of justice ... and encompasses even those who have not taken any affirmative action to hinder justice." *United States v. New York Tel. Co.*, 434 U.S. 159, 174 (1977). Specifically, in *United States v. New York Tel. Co.*, the Supreme Court held that the All Writs Act permitted district courts to order a telephone company to effectuate a search warrant by installing a pen register. Under the reasoning of *New York Tel. Co.*, this Court has the authority to order Sabre to use any capabilities it may have to assist in effectuating the arrest warrant.

The government is aware, and can represent, that in other cases, Sabre has complied with similar All Writs Act orders.

WHEREFORE, it is respectfully requested that the Court grant an *ex parte* order pursuant to the All Writs Act, Title 28, United States Code, Section 1651, that the Authorized Custodian of Records of Sabre account records, or its designee, assist in the execution of a federal arrest warrant by providing to the United States Attorney and his designees and/or representatives of FBI, records and services for the Traveler.

It is further requested that Sabre be ordered to: (a) provide to the United States Attorney and his designees and/or representatives of the FBI complete and contemporaneous account activity information for the aforesaid Traveler on a weekly basis by telephone contact, email, and/or facsimile transmission, for a period of two (2) years from the date of this Order; and (b) not disclose the existence of this Application and/or Order of the Court, or the existence of the

4

investigation, or this request until further ordered by the Court, except that Sabre may disclose this Application and/or Order for the purpose of receiving legal advice.

Respectfully submitted,



SHARDUL S. DESAI
Assistant U.S. Attorney
DC Bar No.



Date:

5